Richard J. Meier, Esq.
The Litigation Practice Group
17542 17th Street, Suite 100
Tustin, CA 92780
Tel: 949-715-0644
richard@lpglaw.com
*Attorney for Plaintiff*

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**SANTA ANA DIVISION**

| | |
|---|---|
| Magda Vazquez,<br><br>    Plaintiff,<br><br>v.<br><br>Midland Credit Management, Inc.<br>c/o Corporation Service Company<br>2900 SW Wanamaker Drive, Suite 202<br>Topeka, KS 66614,<br><br>    Defendant. | Case No.:<br><br>Judge:<br><br>**COMPLAINT FOR DAMAGES UNDER THE FAIR DEBT COLLECTION PRACTICES ACT, ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, AND OTHER EQUITABLE RELIEF**<br><br>**JURY DEMAND ENDORSED HEREIN** |

## JURISDICTION, VENUE,

1. Jurisdiction is founded on 28 U.S.C. §1331 pursuant to the Fair Debt Collection Practices Act (FDCPA) and 15 U.S.C. §1692. Venue is proper because a substantial part of the events giving rise to this claim occurred in this judicial district.

## PARTIES

2. Plaintiff is a "consumers" as defined by 15 U.S.C. §1692a(3).

3. Plaintiff incurred a "debt" as defined by 15 U.S.C. §1692a(5).

4. At the time of the communications referenced herein, Defendant either owned the debt or was retained by the owner to collect the debt.

5. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

## FACTS COMMON TO ALL COUNTS

1. On or around August 12, 2021, Defendant sent Plaintiff a letter to collect the Debt.
2. The August letter declared in bold capital letters that it was a "PRE-LEGAL NOTIFICATION."
3. By including the words "PRE-LEGAL NOTIFICATION," Defendant intended to create the false impression that legal action was imminent.
4. Upon reading the words "PRE-LEGAL NOTIFICATION," Plaintiff reasonably thought that legal action was imminent.
5. Defendant is not a law firm and does not have the ability to file a lawsuit against Plaintiff.
6. Defendant has no control over whether legal action would be initiated against Plaintiff.
7. When the August letter was mailed, Defendant had not made the decision to file a lawsuit against Plaintiff.
8. When the August letter was mailed, Defendant had not yet hired an attorney to file a lawsuit against Plaintiff.
9. At the time of the August letter, Defendant had not hired an attorney to pursue legal action against Plaintiff.
10. Defendant violated the FDCPA.
11. Defendant damaged Plaintiff.
12. Defendant violated the FDCPA and, therefore, California's Rosenthal Act.

## COUNT I

13. Plaintiff incorporates all the allegations and statements made above as if reiterated herein.
14. Defendant violated 15 USC § 1692e by engaging in false, deceptive, or misleading methods to collect a debt.

## COUNT III

15. Plaintiff incorporates all the allegations and statements made above as if reiterated herein.

16. Defendant violated 15 USC § 1692f by engaging in unfair and/or unconscionable means to collect, or attempt to collect, the Debt.

### COUNT III

17. Plaintiff incorporates all the allegations and statements made above as if reiterated herein.

18. Defendant violated 15 USC § 1692e(5) by threatening action that could not be legally taken or that Defendant did not intend to take.

### COUNT IV

19. Plaintiff incorporates all the allegations and statements made above as if reiterated herein.

20. Defendant violated 15 USC § 1692e(10) by making false representations during the collection of a debt.

### COUNT V

21. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

22. Defendant violated California Civil Code §1788.14 by violating the FDCPA.

### JURY DEMAND

23. Plaintiff demands a trial by jury.

### PRAYER FOR RELIEF

24. Plaintiff prays for the following relief:

   a. Judgment against Defendant for Plaintiff's actual damages, as determined at trial, suffered as a direct and proximate result Defendant's violations of the Fair Debt Collection Practices Act, pursuant to 15 U.S.C. §1692k(a)(1);

   b. Judgment against Defendant for $1,000 in statutory damages for Defendant's violations of the Fair Debt Collection Practices Act, pursuant to 15 U.S.C. §1692k(a)(2)(A);

    c. Judgment against Defendant for $1,000 in statutory damages for Defendant's violations of the California Rosenthal Fair Debt Collection Practices Act, pursuant to California Civil Code §1788.30(b);

    d. Judgment against Defendant for Plaintiff's reasonable attorneys' fees and costs incurred in this action, pursuant to 15 U.S.C. §1692k(a)(3) and California Civil Code §1788.30(c); and

    e. Any other legal and/or equitable relief as the Court deems appropriate.

RESPECTFULLY SUBMITTED,

Meier LLC

By: */s/ Richard J. Meier*
Attorney for Plaintiff